# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re JONATHAN J. THOMAS ) | |
| ) | Case No. 16-48248-mar |
| Debtor ) | Hon. Mark A. Randon |
| ) | |
| TITAM INSURANCE ) | Chapter 7 |
| COMPANY, subrogee of ) | |
| REESHA JACKSON, ) | |
| assignee of the Michigan ) | |
| Assigned Claims Plan, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JONATHAN J. THOMAS ) | |
| ) | |
| Defendant ) | |
| ) | Adv. Proc. No. _____ |

## COMPLAINT FOR DETERMINATION
## OF DISCHARGABILITY AND OBJECTING TO DEBTOR'S
## DISCHARGE PURSUANT TO SECTION 523 OF THE BANKRUPTCY CODE

NOW COMES Plaintiff-Creditor, Titan Insurance Company, subrogee of Reesha Jackson, assignee of the Michigan Assigned Claims Plan, and by and through its attorneys, Leikin, Ingber & Winters, P.C., and for its Complaint against JONATHAN J. THOMAS Defendant-Debtor, states as follows:

## JURISDICTION

1. On June 3, 2016, the Debtor Jonathan J. Thomas, filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court, Eastern District of Michigan.

2. On July 13, 2016, the Debtors duly-noticed meeting of creditors was held pursuant to

Section 341(a) of the Bankruptcy Code.

3. As of the date of this Complaint the Debtors have not been granted a discharge.

4. This Complaint is timely because the date by which a Complaint objecting to the Debtors discharge, or to challenge dischargeability of a debt, expires on September 12, 2016.

5. This is an adversary proceeding in bankruptcy brought by Plaintiff pursuant to Federal Rule of Bankruptcy Procedure 4007 and Bankruptcy Rule 7001(6) to determine the dischargeability of a debt.

6. That this is an adversary proceeding in which the Plaintiff-Creditor is seeking a determination as to the dischargeability of the debt owed by Defendant-Debtor to Plaintiff-Creditor under 11 USC § 523(a)(9).

7. The Court has jurisdiction over this adversary proceeding pursuant to 28 USC § 1334 and 11 USC § 523.

8. That this case is a core proceeding pursuant to 28 USC § 157(b)(2)(I).

## PARTIES

9. Plaintiff is a licensed insurance carrier authorized to conduct business in the State of Michigan and a creditor of the Defendant.

10. The Defendant is an individual, whom to knowledge and belief, resides in the City of Oak Park, County of Oakland, State of Michigan.

## PLAINTIFF'S STATE COURT SUIT

11. On May 8, 2012, Plaintiff-Creditor filed a lawsuit against Defendant Jonathan J. Thomas, Twenty-ninth (29th) Judicial Circuit Court, State of Michigan, which was assigned case number 12-11722-NF.

12. In the State Court action Plaintiff sought damages arising out of its payment for medial treatment provided to Reesha Jackson (hereinafter referred to as "Ms. Jackson") following health care provider Henry Ford Hospital's Application for Bodily Injury Benefits through the Michigan Department of State Assigned Claims Facility made on July 28, 2011.

13. The above mentioned Application was filed as a result of personal injuries Ms. Jackson suffered arising out of a motor vehicle incident which occurred on or about September 4, 2010.

14. That on September 4, 2010, Jonathan J. Thomas, was operating a motor vehicle, while intoxicated, when he caused a motor vehicle accident; whereby Ms. Jackson suffered personal injury and ultimately death.

15. That the operation of the motor vehicle while intoxicated, causing personal injury and ultimately death to Ms. Jackson, caused Henry Ford Hospital to file an Application for Bodily Injury Benefits, with said claim ultimately being assigned to Plaintiff, Titan Insurance Company, by the State of Michigan Assigned Claims.

16. That as a result of the above described actions of Mr. Jonathan J. Thomas, Plaintiff obtained a Judgment against Defendant Thomas herein on September 17, 2012, in the above mentioned State Court case in the amount of $49,519.39, inclusive of damages, costs and attorney fees then to date. (See Exhibit 1).

17. That Defendant has failed, refused and/or neglected to pay the above damages in full despite demand being made.

18. That presently there is a current outstanding balance on the judgment in the amount of $49,519.39 plus statutory interest in the amount of $4,072.47 for a total amount of $53,591.86.

# COUNT I
## NON-DISCHARGEABILITY OF
## PLAINTIFF'S CLAIM UNDER 11 USC § 523(a)(9)

19. Plaintiff realleges the allegations set forth in paragraphs one through nineteen (1-18) of this Complaint as if more fully set forth herein.

20. That 11 USC § 523(a)(9) provides, in pertinent part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt -
>
> (9) for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance;

21. That the debt owed to Plaintiff by Defendant is non-dischargeable as it is a debt arising out of the Debtor-Defendant's unlawful operation of a motor vehicle while intoxicated causing personal injury and ultimately death to Ms. Jackson for which Plaintiff herein paid personal insurance protection (PIP) benefits, and suffered loss including costs in the amount of $49,519.39.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment determining that the debt reflected in the underlying State Court, and as fully set forth herein, is non-dischargeable under 11 USC § 523(a)(9), and granting Plaintiff any other further relief as the Court may deem just and proper.

Submitted by,

s/Mark Schwesinger

LEIKIN, INGBER & WINTERS, P.C.
Attorneys for Plaintiff
3000 Town Center, Suite 2390
Southfield, MI 48075
(248) 353-1070
mschwesinger@liwfirm.com
(P58756

Dated: August 30, 2016